## PHILIP MILLER
### v.
## DAVID H. LAW.

*Sales—Horse—Warranty—Breach.*

In an action brought for the recovery of damages on account of the alleged breach of warranty of soundness of an animal, the measure of damages is the difference between the market value of the same at the time of the sale as he was, and as he was warranted to be at that time.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Lee County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. A. K. TRUSDELL, for appellant.

Messrs. C. B. MORRISON and H. R. BARTLETT, for appellee.

CARTWRIGHT, J. Appellant sold to appellee a horse for $125, and appellee brought this suit before a justice of the peace against appellant, for damages on account of an alleged breach of warranty of soundness of the horse. There was a recovery of $100 before the justice, and on appeal to the Circuit Court there was judgment for appellee for $50. Appellant contends that the evidence failed to prove a warranty or breach or any consequent damage. We think the evidence established the fact that appellant warranted the horse to be sound, and the jury were clearly right in so find-

ing.   The evidence of a breach of the warranty tended to show that the horse, on the next day after delivery to appellee, when out in a shower, developed a stiffness of the limbs of a rheumatic nature, which passed off in a day or two, but recurred in changes of the weather, or when the weather conditions were favorable to the manifestation of rheumatic disorders.   The most important questions in the case were whether these occasional attacks of stiffness were evidence of disease of a permanent type or character constituting unsoundness, or were merely evidence of susceptibility under unfavorable conditions to temporary disability, from which there was a complete recovery, and if evidence of unsoundness, whether it existed prior to and at the time of the sale.   The evidence upon this branch of the case is quite conflicting as to whether or not the horse had, prior to the sale, manifested any symptoms fairly attributable to rheumatic disease.   There was some evidence tending to prove that he had shown such symptoms, and this in connection with the fact of the attack so soon after the sale, and its subsequent recurrence without any other apparent cause than the ordinary changes of the weather, was sufficient to enable the jury to find that the horse was unsound at the time of the sale; and the jury having so found, we are not prepared to say that their conclusion was wrong.   Appellant sought to prove the value of the horse at the time of the trial, but was not permitted to do so.   In this the court was right.   The measure of damages was the difference between the market value of the horse at the time of the sale as he was, and as he was warranted to be at that time.

Objections are made to instructions, but we find no reversible error in them.   The second instruction for appellee was not carefully worded to express the idea which was doubtless intended; but we think the only thought the jury would get from it, when read with the other instructions, would be that no particular form of words would be necessary to constitute a warranty in case the statement fulfilled the conditions recited in the other instructions.   The judgment will be affirmed.

*Judgment affirmed.*